UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JARVIS FERGUSON RUFFINS**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 14-1042**

**LT. JOY ELLIOT, ET AL.**                     **SECTION "B"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Jarvis Ferguson Ruffins, a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued Lt. Joy Elliot, Warden Greg Longino, and Captain Miller. Plaintiff claims that he has been wrongly denied participation in a work-release program.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

>A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[1] the undersigned recommends that, for the following reasons, plaintiff's federal civil rights claims be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

Plaintiff, a state prisoner incarcerated at the St. Tammany Parish Jail, alleges that he has been denied participation in the jail's work-release program. He argues that has been eligible to participate in the program since 2012 and was interviewed for the program in the autumn of 2013. However, he alleges that he was told that habitual offenders are eligible to participate in the program only in the final six months of their incarceration and his request was therefore denied because he was a third offender. He further alleges that the program's administrator, Lt. Joy Elliot, gives preferential treatment to some inmates and violates jail policies.

To the extent that plaintiff is arguing that he was denied participation in the work-release program without due process of law, that claim clearly has no merit. The United States Fifth Circuit Court of Appeals has expressly held that Louisiana prisoners are not entitled to due process in work-release determinations. The Court of Appeals has explained:

> Where a statute grants the prison administration discretion, the government has conferred no right on the inmate. Meachum v. Fano, 427 U.S. 215, 226-29, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). The work-release program created under Louisiana law provides a sheriff with the discretion to make the work-placement decision. See La.Rev.Stat. Ann. § 15:711(A)-(B). Because this statute did not create an enforceable expectation of placement in a work-release program, it did not create a liberty interest that is entitled to due-process protection. See Sandin v. Conner, 515 U.S. 472, 480-81, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

James v. Hertzog, 415 Fed. App'x 530, 532 (5th Cir. 2011); accord Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994); Parks v. Iberia Work Release, Civil Action No. 6:13-cv-2748, 2013 WL 6903903, at *2-3 (W.D. La. Dec. 30, 2013); Mayfield v. Keith, No. 13-CV-1134, 2013 WL 7868448 (W.D. La. Oct. 16, 2013), adopted, 2014 WL 897413 (W.D. La. Mar. 6, 2014).  Plaintiff also has no "property interest" in work-release employment which requires due process protections. Parks, 2013 WL 6903903, at *3; Mayfield, 2013 WL 7868448, at *1.

To the extent that plaintiff is asserting an equal protection claim, that claim also fails.  As the Court of Appeals also explained in James: "To state an equal-protection claim, a § 1983 plaintiff must allege a state actor intentionally discriminated against him because he was a member of a protected class." James, 415 Fed. App'x at 532.  Plaintiff does not allege that he is a member of a protected class.

To the extent that plaintiff is complaining that Lt. Elliot violates prison policies, the Court can also quickly dispose of that claim.  "[A] prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation." Samford v. Dretke, 562 F.3d 674, 681 (5th Cir. 2009); accord Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006); Sandoval v. Fox, 135 Fed. App'x  691, 691-92 (5th Cir. 2005); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *9 (E.D. La. Aug. 1, 2007).

Lastly, it appears that plaintiff may also be claiming that his rights were violated because he was not allowed to transfer to a different facility.  If so, that claim clearly has no merit.  A prisoner has no right to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Fuselier v. Mancuso, 354 Fed. App'x 49 (5th Cir. 2009); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v.

Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Watson-Buisson v. Louque, Civ. Action No. 12-1871, 2013 WL 5236611, at *6 (E.D. La. Sept. 13, 2013); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this second day of June, 2014.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.