```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JARVIS RUFFINS                                      CIVIL ACTION

VERSUS                                              NO: 14-1042

LT. JOY ELLIOT, ET. AL.                             SECTION: "B"(5)
```

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Jarvis Ruffin's objection to the Magistrate Judge's Report and Recommendation regarding his civil rights claim brought pursuant to 42 U.S.C. § 1983.

On May 8, 2014, Plaintiff filed this claim against St. Tammany Parish Jail officials Lieutenant Joy Elliot, Warden Greg Longino, and Captain Miller. (Rec. Doc. No. 1).

Magistrate Judge Knowles recommends this claim be dismissed with prejudice. (Rec. Doc. No. 4). On July 1, 2014, Plaintiff timely filed his objection to the recommendation. (Rec. Doc. No. 7).

For the reasons enumerated below,

Magistrate Judge Knowles's Report and Recommendation is **ADOPTED** and Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED WITH PREJUDICE.**[1]

---

[1] We are grateful for work on this case by Nicholas Norris, a Tulane University Law School extern with our Chambers.

1

Plaintiff's Claims

    Plaintiff, a prisoner incarcerated in the St. Tammany Parish Jail, claims Warden Greg Longino and Lieutenant Joy Elliot have improperly denied him participation in the jail's work-release program.  He alleges that Lt. Elliot has displayed "nepotism and cronyism" by instead choosing other inmates, despite their jail disciplinary infractions and habitual offender backgrounds.  (Rec. Doc. No. 1 at 8-11).  He also claims he was told habitual offenders, as he is classified, are only eligible to participate in the program during the final six months of their incarceration.  Plaintiff believes he was eligible in 2012, but was denied after his interview in the autumn of 2013.  (Rec. Doc. No. 4 at 3).

    Plaintiff makes similar claims of nepotism and cronyism in the denial of his request to transfer to a different prison.  He alleges he was the recipient of an improper and discriminatory disciplinary infraction ("write-up") for possession of tobacco, which prejudiced both his transfer and his application for work-release. (Rec. Doc. No. 1 at 11).

    Finally, Plaintiff passionately alleges that Defendants have failed to follow their published policies in myriad respects: from Lt. Elliot giving preferential treatment to an inmate he claims is her daughter's boyfriend, to the prison administration's failures to comply with his requests for

documentation regarding his work release and transfer denials; to general preference for inmates hailing from certain towns and parishes. (See Rec. Doc. No. 1 at 7-12).

Law and Analysis

I. Standard of Review

Title 28 U.S.C. § 1915A requires courts to immediately screen suits where a plaintiff seeks civil redress from a government entity, officer, or employee. Regarding this screening, the statute provides:

> "…the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted"

28 U.S.C. § 1915A(b). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making this determination, the court is empowered to dismiss claims based on "indisputably meritless legal theor[ies]," as well as those claims "whose factual contentions are clearly baseless." *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff fails to allege enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556

3

U.S. 662, 677 (2009). These factual allegations, when assumed to be true, must raise a right to relief above the speculative level. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). A claim is facially plausible when the plaintiff's factual allegations allow the court to draw the reasonable inference that defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

The Court should broadly construe *pro se* civil rights claims in making these determinations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)(*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

II. Analysis

*Plaintiff's Due Process Claim*

For Plaintiff to make out a successful due process claim, he must base it on an enforceable liberty or property interest. Plaintiff seeks to rely on Louisiana's work release statute, La. Rev. Stat. Ann. § 15:711, to establish this interest. The statute provides, in pertinent part: "[t]he Department of Public Safety and Corrections is hereby authorized to establish and administer a work release program for inmates of any institution under the jurisdiction of the department. The department shall establish rules for the administration of the work release program…" La. Rev. Stat. Ann. § 15:711(A)-(B).

The U.S. Court of Appeals for the Fifth Circuit has repeatedly held that the work release statute does not create a due process interest, as it merely vests work release discretion in the prison administration. *James v. Hertzog*, 415 Fed. App'x 530, 532 (5th Cir. 2011); *accord Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). The Louisiana work-release statute merely provides a conditional interest in the program, not an "enforceable expectation of placement in a work-release program." *James*, 415 F.App'x at 532. Without this "enforceable expectation," the statute does not "create a liberty interest that is entitled to due-process protection." *Id*. Because Plaintiff lacks an enforceable interest in work-release participation, his due process claim is **DENIED.**

Plaintiff's Equal Protection Claim

To successfully state an equal protection claim in this context, Plaintiff must allege that a state actor intentionally discriminated against him on the basis of his membership in a "protected class." *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *James*, 415 Fed.App'x at 532. Plaintiff claims he received unequal treatment in comparison to that of other prisoners; but he does not contend that this uneven treatment was based on any constitutionally-protected class membership. For instance, he names fellow inmates who were granted work release despite

5

prison infractions, alleging that prison officials simply favored them, but he does not claim that this favoritism was based on race or creed. At no point does Plaintiff establish or separate himself from other inmates on the basis of a protected class. Accordingly, Plaintiff's equal protection claim is **DISMISSED.**

Plaintiff's Claim that His Rights Were Violated by Denial of Transfer

In the absence of a state statute, an inmate has no constitutional right to transfer. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). In Louisiana, discretion is vested in prison officials to grant transfer, just as it is left to them to grant work release. La. Rev. Stat. Ann. § 15:711; *Biliski*, 55 F.3d at 162. Such discretion does not create a constitutional due process right in an expectation of transfer. Plaintiff's claim that his rights were violated by denial of his transfer is accordingly **DISMISSED.**

Plaintiff's Claim that Lt. Elliot Has Violated Prison Policies

The Fifth Circuit has long held that a prison official's failure to follow the prison's own policies does not, without more, establish a constitutional violation. *Samford v. Dretke*,

562 F.3d 674, 681 (5th Cir. 2009). Plaintiff has not established a cognizable violation of the U.S. Constitution by simply alleging Lt. Elliot's favoritism or perceived failures to follow the prison's rulebook. This claim is accordingly **DISMISSED**.

CONCLUSION

For the reasons enumerated above, the Magistrate Judge's Report and Recommendation is **ADOPTED, overruling** Rufins' objections, and his 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 2nd day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE